DIVISION OF TAX APPEALS.

CITY OF HOBOKEN, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, AND HOBOKEN MANUFACTURERS RAILROAD SYSTEM, RESPONDENTS.

Decided April 22, 1947.

For the City of Hoboken, *John J. Fallon* (*Frank P. McCarthy*, of counsel).

For the Hoboken Manufacturers Railroad System, *James D. Carpenter* (*Charles B. Collins*, of counsel).

For the State of New Jersey, *Walter D. Van Riper*, Attorney-General, and *Benjamin C. Van Tine* and *Benjamin Taub*, Deputy Attorneys-General.

CONKLIN, COMMISSIONER: The complaint filed by the City of Hoboken alleges that certain properties of the Hoboken Manufacturers Railroad System were under-assessed for the year 1945 and that property assessed by the state as land outside the main stem and in railroad use should be assessed locally as property not in railroad use. Appeals from the amount of the assessment, with respect to two parcels, were withdrawn from our consideration at the time of hearing, upon motion of the attorney for the City of Hoboken. The only matters left to be determined are the assessment on Block 269, Lot 24, which includes land outside the main stem, and the question of reclassification.

The valuation on Block 269, Lot 24, as found by the Director of Taxation should not be disturbed, as the proofs fail to establish palpable error in the method of valuation as used by the Director in the instant case, for amount of assessment.

Prior to the hearing a motion was made by counsel for the railroad, in which the Attorney-General joined, to dismiss that portion of the appeal as it applied to the reclassification, on the ground that the Division of Tax Appeals did not have jurisdiction to hear it. President Waesche, who presided at the hearing, reserved decision on the motion, advised counsel that the matter would be determined by the Division, and proceeded to hear the case upon its merits.

A statutory procedure is provided to determine if railroad property outside the main stem is railroad property in railroad use, subject to assessment by the state, or railroad property not in railroad use, subject to local assessment. *R. S.* 54:29A–41 to 54:29A–43, inclusive; *N. J. S. A.* 54:29A–41

to 54:29A–43, inclusive, outline a method to determine if property is railroad property in railroad use, where a dual assessment has been made by both the Director of the Division of Taxation and by the local taxing authority, through a summary hearing before three justices of the Supreme Court. The applicable section, *R. S.* 54:29A–41; *N. J. S. A.* 54:29A–41, provides:

"If property of a taxpayer has or shall have been, in any year, assessed by the local authorities of a taxing district, and has or shall have been also assessed by the state tax commissioner as property used for railroad purposes, the supreme court or any three justices thereof, assigned by the chief justice, shall determine, in a summary manner, the character of the property and whether used for railroad purposes and by whom it has lawfully been assessed. This determination shall be made whether the taxes in question have been paid or not and whether a *certiorari* to review either assessment has been granted or not."

The respondent contends that inasmuch as this power is vested in the Supreme Court, in the case of a dual assessment, and since no powers are vested by the Railroad Act of 1941 (section 54:29A–1, *et seq.; N. J. S. A.* 54:29A–1, *et seq*), in the Division of Tax Appeals to hear such a matter of reclassification of railroad property, that the Division of Tax Appeals is without jurisdiction and therefore cannot take the matter under consideration. With this we do not agree.

The motion to dismiss that portion of the appeal which applies to reclassification is hereby denied, as the Division does have jurisdiction and should determine the matter upon its merits. *R. S.* 54:29A–31; *N. J. S. A.* 54:29A–31, provides:

"Any taxpayer, the attorney-general on behalf of the state, *or the authorities of a taxing district, desiring to contest the validity* or amount *of any assessment* or reassessment *of property* or franchise tax *made by the commissioner under this act* (chapter), *may, as to the assessment* or reassessment of property tax, on or before the third Monday of May following the assessment or reassessment thereof, and, as to the assessment or reassessment of franchise tax, on or before the

first Tuesday of September following the assessment or re-assessment thereof, *file a written complaint with the state board of tax appeals, specifying the grounds of complaint and the relief sought,* which shall be in such form and contain such further information as may be from time to time prescribed by the rules of the state board of tax appeals for the better understanding and determination of the complaint." (Italics ours.)

It appears that under the Railroad Act of 1941, as amended, this petitioner was perfectly within its rights to contest the assessment before this Division on complaint and appeal, as the statute gives the authority of the taxing district a right to contest the validity of the assessment made by the commissioner.

In the proofs offered there is a variance in the testimony as to whether this is property in railroad use. We find as a fact that the assessment of the director as property in railroad use should not be disturbed and therefore this appeal shall be dismissed.

Judgments have been entered in accordance with the foregoing conclusions.